UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------- x
                                :
In re:                          :    Chapter 11
                                :
Veneer Products Ltd.,           :    Case No.: 17-22759
                                :
            Debtor.             :
                                :
------------------------------- x
                                :
In re:                          :    Chapter 11
                                :
Rimi Woodcraft Corp.,           :    Case No.: 17-20002
                                :
            Debtor.             :
                                :
------------------------------- x
                                :
In re:                          :    Chapter 11
                                :
Rimi Corporate Facilities Refurbishing Ltd., :    Case No.: 17-20001
                                :
            Debtor.             :
                                :
------------------------------- x

**ORDER AUTHORIZING RETENTION OF
CARL D. PREISER CPA, P.C. AS ACCOUNTANTS FOR DEBTORS AND
<u>DEBTORS IN POSSESSION *NUNC PRO TUNC* AS OF MAY 23, 2017</u>**

Upon the application (the "<u>Application</u>") of the debtors and debtors in possession herein (the "<u>Debtors</u>"), , by Anthony Rizzo, their president, requesting authority under 11 U.S.C. § 327(a) to employ Carl D. Preiser CPA, P.C. ("<u>Preiser</u>") as accountant for the Debtor herein; and upon the supporting declaration of Carl D. Preiser, CPA; and the Court being satisfied that Preiser neither holds nor represents and adverse interest to the Debtors or their estates, is disinterested within the meaning

1

of 11 U.S.C. § 101(14), and that its employment is necessary and would be in the best interests of the Debtors' estates, it is hereby

**ORDERED** that the Application is granted; and it is further

**ORDERED** that pursuant to 11 U.S.C. § 327(a), the Debtors are authorized to retain Preiser, as their accountants in this case, *nunc pro tunc* to May 23, 2017; and it is further

**ORDERED**, that Preiser shall be compensated for services rendered and reimbursed for reasonable and necessary expenses in accordance with, and will file interim and final fee applications for allowance of its compensation and expenses subject to, 11 U.S.C. §§ 330 and 331, as the case may be, and the applicable Bankruptcy Rules, Local Bankruptcy Rules, and fee and expense guidelines of the Court; and it is further

**ORDERED** that Preiser is authorized to employ the following services:

    a.    Preparation/review of monthly debtor-in-possession operating reports and statements of cash receipts and disbursements including notes as to the status of tax liabilities and other indebtedness;

    b.    Preparation of financial statements as of the date of filing of the Chapter 11 petitions;

    c.    Review existing accounting systems and procedures and establish new systems and procedures, if necessary;

    d.    Assist the Debtors in the development of a plan of reorganization;

    e.    Assist the Debtors in the preparation of a liquidation analysis;

    f.      Appear at creditors' committee meetings, 341(a) meetings, and Court hearings, if required;

    g.      Assist the Debtors in the preparation of cash flow projections;

    h.      Consult with counsel for the Debtors in connection with operating, financial and other business matters related to the ongoing activities of the Debtors; and

    i.      Performing such other duties for the Debtors as are normally required of an accountant, including, but not limited to, the preparation of all financial statements required in the Debtors' reorganization; and it is further

ORDERED, that Preiser shall apply any remaining amounts of its prepetition retainer as a credit toward postpetition fees and expenses, after such postpetition fees and expenses are approved pursuant to the first order of the Court awarding fees and expenses to Preiser; and it is further

ORDERED, that prior to implementing any increases in Preiser's rates for any individual retained by Preiser and providing services in these cases, Preiser shall file a supplemental affidavit with the Court and provide ten business days' notice to the Debtors, the United States Trustee and any official committee. The supplemental affidavit shall explain the basis for the requested rate increases in accordance with section 330(a)(3)(F) of the Bankruptcy Code and state whether the Debtors have consented to the rate increase. All parties in interest retain all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code.

Dated:   White Plains, New York
           July 10, 2017

                                              **/s/ Robert D. Drain**
                                              United States Bankruptcy Judge

NO OBJECTION:

OFFICE OF THE UNITED STATES TRUSTEE:

By: /s/Andrea Schwartz
Andrea Schwartz, *Trial Attorney*